Coan v. Coan, 190 Ill. App. 633.

HENRY L. STROHM, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE F. A. SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 80*—*when judgment by confession may be vacated.* The court has power to entertain a motion and petition to vacate a judgment by confession where more than thirty days has elapsed after the entry of judgment.

2. JUDGMENT, § 75*—*when petition presents equitable grounds for vacating judgment.* A petition to vacate a judgment by confession alleging that the *ex parte* proceedings were had without the defendant's knowledge, that all equities and defenses of the maker of the note existed against the plaintiff, that plaintiff was not an innocent purchaser of the note but a party to fraud perpetrated on the defendant, that the note was void and without consideration, and that plaintiff's assignor was guilty of breach of warranty in the sale of an automobile and agreed to make the warranty good, presents equitable grounds for relief entitling the defendant to plead.

3. JUDGMENT, § 80*—*when judgment by confession may be vacated.* Under section 21 of the Municipal Court Act, the court may vacate a judgment after thirty days from its entry, on a petition setting forth facts sufficient to cause the same to be vacated in a court of equity.

---

## Sarah A. Coan, Appellant, v. Michael J. Coan, Appellee.

### Gen. No. 19,966.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 10, 1914. Rehearing denied December 1, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Bill for separate maintenance by Sarah A. Coan against Michael J. Coan, charging extreme and repeated cruelty and praying for the custody of two of their three male children. The defendant denied the charges of cruelty and alleged that the complainant had been guilty of habitual drunkenness for more than two years, that she was not a fit person to have the custody of the children, and praying for a divorce and custody of the children. In her cross-bill the complainant denied the defendant's charges. The cause was heard before a chancellor and the court entered a decree in favor of the defendant, dismissing the complainant's bill for want of equity, dissolving the bonds of matrimony, giving defendant the custody of the children and requiring him to pay $12 per month as alimony to Mrs. M. J. Walsh for the benefit of complainant, and also to pay $35 as solicitor's fees to complainant. A petition to vacate the decree was filed and denied, and defendant appealed.

EFFIE SEEDS WELLNER, for appellant.

No appearance for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 1395*—*when chancellor's findings conclusive.* Where the evidence is conflicting, findings of a chancellor have the force and effect of a verdict, and such verdict will not be disturbed or set aside unless palpably against the weight of the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.